**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

In re:

ANTAMEX INDUSTRIES ULC, *et al.*,[1]

    Debtor in a Foreign Proceeding.

Chapter 15

Case No. 24-10934 (JKS)

(Jointly Administered)

**Hearing Date: May 15, 2025, at 11:00 a.m. (Eastern Time)
Objection Deadline: April 25, 2025, at 4:00 p.m. (Eastern Time)**

---

**MOTION PURSUANT TO SECTIONS 105(A), 1507, 1521,
AND 1525 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9006, FOR ENTRY OF AN ORDER (I) RECOGNIZING AND ENFORCING
TRUST CLAIMS PROCESS ORDER AND (II) GRANTING RELATED RELIEF**

Deloitte Restructuring Inc. ("Deloitte"), in its capacity as the court-appointed receiver (in such capacity, the "Receiver"), of the above captioned debtor, Antamex Industries ULC ("Antamex" or the "Debtor"), in the Receiver's capacity as the authorized foreign representative (the "Foreign Representative") of the Debtor, which is the subject of a receivership proceeding (the "Canadian Proceeding"), pursuant to section 243(1) of the Canadian Bankruptcy and Insolvency Act, R.S.C. 1985, c.B-3, as amended, and section 101 of the Courts of Justice Act, R.S.O. 1990, c. C.43, as amended, pending before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), has commenced the above-captioned chapter 15 case and moves (this **"Motion"**), pursuant to sections 105(a), 1507, 1521, and 1525 of 11 U.S.C. §§101–1532 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") recognizing and giving effect in the United States

---

[1] The chapter 15 debtor, along with the last four digits of the Debtor's British Columbia Corporation Number is: Antamex Industries ULC ("Antamex" or "Debtor") (6401). The Debtor's executive headquarters are located at: 210 Great Gulf Drive, Concord, Ontario, Canada, L4K 5W1.

to the *Trust Claims Process Order* (the "<u>Trust Claims Process Order</u>"), as entered by the Canadian Court in the Canadian Proceeding, and granting related relief.    In support of the Motion, the Foreign Representative respectfully refers the Court to and incorporates by reference (i) the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 6] (the "<u>Foreign Representative Declaration</u>") and (ii) the *Declaration of Linc Rogers in Support of Verified Petition for (I) Recognition of Canadian Proceedings as Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 6] (the "<u>Rogers Declaration</u>")[2] and respectfully submits as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.    Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters pursuant to 28 U.S.C. § 157(b)(2)(P).

2.      The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      This chapter 15 case has been properly commenced pursuant to sections 1504 and

---

[2]      Capitalized terms used but not defined herein shall the meaning ascribed to them in the Foreign Representative Declaration, the Rogers Declaration, or the Trust Claims Process Order, as applicable.

2

1509 of the Bankruptcy Code by the filing of the chapter 15 petition filed for the Debtor as Docket No. 1 in its case (the "<u>Chapter 15 Petition</u>") and the *Verified Petition of Foreign Representative for(I) Recognition of Canadian Proceeding as Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* [Docket No. 3] (the "<u>Verified Petition</u>") under section 1515 of the Bankruptcy Code.

4.       Venue is proper pursuant to 28 U.S.C. § 1410.

5.       The bases for the relief requested herein are sections 105(a), 1507, 1521, and 1525 of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1.

## <u>BACKGROUND</u>

6.       On February 22, 2024, Export Development Canada ("<u>EDC</u>"), as a secured creditor of the Debtor, served an application for appointment of a receiver (the "<u>Application</u>") in the Canadian Court.  The Application was served on the Debtor, certain non-debtor affiliates, secured creditors, and key contract counterparties, among others.  On March 5, 2024, the Canadian Court entered an order appointing Deloitte as receiver over a subset of the Debtor's Property (the "<u>Partial Appointment Order</u>").  On March 13, 2024, the Canadian Court entered an order amending and restating the Partial Appointment Order confirming the appointment of Deloitte as the Receiver of the Debtor and all of the Debtor's Property (the "<u>Appointment Order</u>").

7.       On May 1, 2025 (the "<u>Petition Date</u>"), the Foreign Representative filed the Chapter 15 Petition and the Verified Petition, thereby commencing the Debtor's chapter 15 case. On June 4, 2024, this Court entered an Order granting the Petition for (I) Recognition of Canadian Proceeding as Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code.

8.       Additional information about the Debtor's business and operations, the events leading up to the filing of the Chapter 15 Petition, and the facts and circumstances surrounding the

Canadian Proceeding and this chapter 15 case can be found in the Rogers Declaration.

9.      By way of summary, the Debtor is a British Columbia corporation that formerly had significant operations in Ontario, British Columbia, Alberta and across the United States. Antamex is a wholly owned subsidiary of Antamex Industries Inc., a corporation organized and existing under the laws of the State of Delaware. Antamex was in the business of designing, engineering, manufacturing, and installing custom, modular glass façade solutions for multi-story buildings.

10.     The locations of Antamex's key projects prior to appointment of the Receiver included Ontario, British Columbia, Nova Scotia, Massachusetts, Michigan, New York, Ohio, Pennsylvania and California. Such projects were related primarily to the medical, residential and educational sectors. The majority of Antamex's projects were located in Canada.

11.     Antamex currently has no operations or employees remaining in Canada or the U.S. and, through the Antamex Receivership, has liquidated its remaining assets, and is managing a claims resolution process under the oversight of the Canadian Court.

12.     On March 26, 2025, the Canadian Court entered the Trust Claims Process Order, approving a process in the Canadian Proceeding for the solicitation, validation and quantification of potential trust claims by subcontractors against Antamex (the "Claims Process").  The Claims Process seeks to solicit the filing of all potential trust claims (each, a "Trust Claim") against Antamex on any project on which it was retained prior to the Receiver's appointment (each a "Project").

13.     Since its appointment, the Receiver has been contacted by several subcontractors who wish to advance, among other things, lien claims and/or breach of trust claims against Antamex pursuant to the Ontario Construction Act or similar legislation. In order to ensure potential trust claims were preserved, the Receiver deposited all Project-specific receipts to

segregated accounts. The Receiver is currently holding segregated funds in respect of the following Projects located in the United States:

    a)   South Station (Massachusetts);

    b)   109 Brookline (Massachusetts);

    c)   Xmbly Project (Assembly Innovation Park Phase I) (Massachusetts);

    d)   520 Matteo (California); and

    e)   22001 – Ford Hub – Courtyard (Michigan).

14.    Prior to the Receiver's appointment, Antamex did not maintain Project-specific, segregated accounts. Similarly, Antamex did not maintain separate books and records for each Project's funds or treat project receipts and expenditures as separate in its books and records. All Project receipts were deposited in the same accounts and used to fund Antamex's obligations across multiple projects and other working capital needs. The Receiver is currently in the process of determining whether any funds in Antamex's possession on its appointment can be traced to a specific Project, such that Trust Claims could be maintained over such funds.

15.    A copy of the Trust Claims Process Order is annexed hereto as **Exhibit B**.  A summary description of the relief provided in the Trust Claims Process Order is set forth below.

### THE TRUST CLAIMS PROCESS ORDER

16.    The Trust Claims Process Order approves a unified claims process in the Canadian Proceeding with respect to the Trust Claims and establishes certain claims bar dates.   The Claims Process is designed to be as easy as possible for claimants to have their claims recognized and resolved, while also providing the Receiver with necessary and timely information regarding the universe of Trust Claims against the Debtor, as it moves forward with its administration of the Antamex Receivership.

17.    The Trust Claims Process Order sets out deadlines for the Receiver to provide

notice of the claims process and procedures.   Specifically: (a) by or before March 28, 2025, the Receiver must send notice (*i.e.* Proof of Claim Document Package) to (i) all Persons on the Service List in the Antamex Receivership, (ii) all Subcontractors who have, as of March 19, 2025, provided the Receiver with notice of an asserted Trust Claim, and (iii) any other Person that the Receiver, in its sole discretion, determines may hold a Trust Claim against the Debtor.  *See* Trust Claims Process Order at ¶ 6.  The Receiver has completed the notice requirements in accordance with the provisions of the Trust Claims Process Order, including by sending a Proof of Claim Document Package to all parties that, according to Antamex's books and records, held an accounts payable claim against Antamex on the date of the Receiver's appointment in both Canada and the United States.

18.    The Trust Claims Process Order establishes the general bar date for Trust Claims as 5:00 p.m. (EST) on **April 25, 2025**, or such later date as the Receiver may determine on written notice to the Service List or as ordered by the Canadian Court.  *See id*., at ¶ 5(d). Any Subcontractor that does not file a Proof of Claim with the Receiver before the Claims Bar Date is forever barred from making or enforcing any Trust Claim against Antamex's estate or the Property (as defined in the Appointment Order).  *See id*., at ¶ 8.

19.    The Trust Claims Process Order establishes procedures for claims disputes. Following the filing of a Proof of Claim, the Receiver will review the claim and accept or disallow (in whole or in part) the amount and/or status of the Trust Claim.  The Trust Claims Process Order sets out the bases on which the Receiver may disallow a Trust Claim.  *See id*., at ¶ 12.  If there is a disagreement as to the Trust Claim, the Receiver shall send the Subcontractor or its counsel a Notice of Disallowance stating the reasons and providing related documentation. *See id*., at ¶ 13.

20.    A Subcontractor may dispute the disallowance within fourteen (14) calendar days by serving the Receiver with a Notice of Dispute. *See id*., at ¶ 16. The Trust Claims Process Order

provides for a dispute resolution process in which the Canadian Court or an Associate Judge specializing in construction lien matters (if the Court so directs) will resolve the disputed claim unless otherwise settled by the parties within a time period or manner satisfactory to the Receiver. *See id.*, at ¶ 18-19.

21.     The Trust Claims Process Order further specifically requests the aid of the United States courts in its enforcement in the United States:

> **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Receiver and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Receiver, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Receiver and its agents in carrying out the terms of this Order.

*See id.*, at ¶ 27.

## RELIEF REQUESTED

22.     The Foreign Representative seeks entry of the Proposed Order recognizing and enforcing in the United States the Trust Claims Process Order and granting related relief.

## BASIS FOR RELIEF

23.     This Court has granted recognition of the Canadian Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code and has appointed Deloitte, in its capacity as Receiver, as the duly appointed foreign representative of the Debtor within the meaning of 11 U.S.C. § 101(24). [Docket No. 35].

24.     Where a foreign case is recognized as a foreign main proceeding, a bankruptcy court may grant "any appropriate relief" to "effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. §1521(a).  Pursuant to section 1522

of the Bankruptcy Code, the court may grant relief under section 1521 only if the interests of the creditors and other interested entities, including the debtor, are sufficiently protected.  11 U.S.C. § 1522; s*ee also In re Energy Coal S.P.A.*, 582 B.R. 619 (LSS) (Bankr. D. Del. 2018).  "The analysis under § 1522 is one of balancing the respective interests based on the relative harms and benefits in light of the circumstances presented."  *In re Better Place, Inc.*, 2018 Bankr. LEXIS 322 at *19 (LSS) (Bankr. D. Del. Feb. 5, 2018) (quoting *Jaffe v. Samsung Elecs. Co.*, 737 F.3d 14, 27-28 (4th Cir. 2013).

25.    As a separate basis for recognition of foreign orders, section 1507(a) of the Bankruptcy Code also permits a court to "provide additional assistance to a foreign representative[,]" provided such assistance is consistent with the principles of comity and satisfies the factors set forth in section 1507(b) of the Bankruptcy Code.  11 U.S.C. § 1507.   In addition, section 1525(a) of the Bankruptcy Code provides that, "[c]onsistent with section 1501, the court shall cooperate to the maximum extent possible with a foreign court or a foreign representative." 11 U.S.C. § 1525(a).

26.    Here, recognition of the Trust Claims Process Order is vital to the equitable and efficient administration of Trust Claims in a single forum, *i.e.* the Canadian Proceeding.   Such relief protects the interest of creditors, as it ensures that all claimants, including those within the United States, are required to have their claims adjudicated and administered through a single process and under a single statute, and eliminates the possibility that a U.S.-based creditor could receive disparate treatment from Canadian creditors by seeking to pursue its claims outside of the Canadian Proceeding.

27.    Recognition of the Trust Claims Process Order will aid the Receiver in ascertaining the full universe of Trust Claims, in administering the claims process, and achieving the appropriate result for all stakeholders in the Canadian Proceeding in accordance with Canadian law.

The claims process is structured to ensure that the universe of Trust Claims is comprehensively solicited and that the nature, quantum, and validity of claims are determined fairly, comprehensively, and expeditiously at the appropriate time, and that claims are treated in accordance with the objectives of the Canadian Bankruptcy and Insolvency Act, and the related rules and procedures of the Canadian Court, and its related inherent jurisdiction.

28.     The relief sought herein is consistent with the principles of comity, as it would give further effect to an order of the Canadian Court and ensure that the claims process approved by such order is not undermined by attempts by parties to act within the United States and outside of the Canadian Proceeding.  Thus, such relief should be granted pursuant to sections 105(a), 1507(a), 1521(a) and 1525(a) of the Bankruptcy Code.

## **NOTICE**

29.     The Foreign Representative will provide notice of this Motion to (i) the Core Notice Parties as defined in the *Order Scheduling Hearing and Specifying Form and Manner of Service of Notice Pursuant to Sections 105(A), 1514, and 1515 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007* [Docket No. 27], and (ii) all other parties on the Master Service List annexed as **Exhibit C** hereto.   The Foreign Representative respectfully requests that, in light of the nature of the relief requested, no other or further notice of the Motion need be given.

**WHEREFORE** the Foreign Representative respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: April 11, 2025
   Wilmington, Delaware

        CHIPMAN BROWN CICERO & COLE, LLP

        */s/ Mark L. Desgrosseilliers*

        Mark L. Desgrosseilliers (No. 4083)
        Kristi J. Doughty (No. 3826)
        Hercules Plaza
        1313 North Market Street, Suite 5400
        Wilmington, Delaware 19801
        Telephone: (302) 295-0191
        Facsimile: (302) 295-0199
        Email: desgross@ChipmanBrown.com
           doughty@chipmanbrown.com

          -and-

        **PERKINS COIE LLP**
        Tina N. Moss (Admitted *pro hac vice*)
        1155 Avenue of the Americas
        22nd Floor
        New York, NY  10036
        Tel. (212) 262-6900
        Fax. (212) 977-1648
        TMoss@perkinscoie.com

        *Attorneys for the Foreign Representative*